# In the United States Court of Federal Claims

No. 24-239

Filed: January 20, 2026

| | |
|---|---|
| **MICHAEL ZANZARELLA, et al.,** | |
| *Plaintiffs*, | |
| v. | |
| **THE UNITED STATES,** | |
| *Defendant.* | |

## ORDER

      Plaintiffs seek clarification of rulings outlined in its summary judgment opinion. (Pls.' Mot., ECF No. 57 (citing Summ. J. Op., ECF No. 56)). Specifically, Plaintiffs request that the Court clarify its rulings regarding the centerline presumption, asking whether the ruling reserved for trial the issue of ownership in the former railroad corridor for 16 Plaintiffs who did not prevail on the centerline presumption issue, but prevailed on the fee versus easement issue, or whether those same Plaintiffs were dismissed.[1] (*Id.* at 1). Plaintiffs assert that if the Court intends for these sixteen Plaintiffs to go to trial then they "will simply gather and present their chains of title at trial[,]" but if the Court intended to dismiss these Plaintiffs, then the Plaintiffs "will still gather the chains of title, [and] file a motion for reconsideration that includes the centerline presumption issue." (*Id.* at 3).

      Plaintiffs represent that any prospective motion for reconsideration would be based on additional language contained in the sixteen Plaintiffs' ownership deeds that was "not previously identified by the parties[.]" (*Id.*). Specifically, Plaintiffs state:

> While all the Plaintiffs' ownership deeds were presented to the Court as exhibits to Plaintiffs' summary judgment motion, *Plaintiffs, through an oversight, did not point out the following language*, which appears in all of the [16] Plaintiffs' deeds: "TOGETHER with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof."

---

[1] Although Plaintiffs' Motion sought clarification for fifteen Plaintiffs, the Court's correction of a previously omitted ruling results in sixteen affected Plaintiffs. (*See* Order on Pls.' Mot., ECF No. 62).

(*Id.* (citing Pls.' Ex. 48 at 4, ECF No. 38-48) (emphasis added)). Plaintiffs contend that this language establishes that they possess an ownership interest in the railroad corridor. (*Id.*).

The Court FINDS that, as it pertains to the sixteen Plaintiffs who seek clarification, its opinion: (1) addressed only the centerline presumption; (2) did not direct the entry of partial final judgment; and (3) did not foreclose the possibility that those Plaintiffs may have some interest in land underlying the width of the railroad easement. (Hr'g Tr. at 15:23–16:11, ECF No. 65). The Court's summary judgment opinion addressed Plaintiffs' claims regarding property alleged to extend to the centerline of pre-existing roadways. (*See* Summ. J. Op. at 18–48). The Court further determines that, to the extent the Plaintiffs' Motion could be construed as a motion for reconsideration, such a request would be both untimely and futile. (*Id.* at 16:18–17:9 ("[T]o the extent that plaintiffs are seeking the opportunity to present . . . language which was included in most, if not all, of the deeds, I don't find that it's timely to do so now.")). The Court noted that the request was not predicated on any change in the law and that the language identified by Plaintiffs constitutes boilerplate, would not alter the Court's analysis, and is therefore unpersuasive. (*Id.*). Moreover, given that Plaintiffs had the opportunity to raise this issue during summary judgment briefing, but failed to do so, that argument is waived.

Accordingly, Plaintiffs' Motion is **DENIED** for the reasons stated and those presented at the hearing before the Court.

**IT IS SO ORDERED.**

s/    David A. Tapp
DAVID A. TAPP, Judge
