# In the United States Court of Federal Claims

No. 24-239

Filed: January 28, 2026

| | |
|---|---|
| **MICHAEL ZANZARELLA, et al.,** | |
| *Plaintiffs*, | |
| v. | |
| **THE UNITED STATES,** | |
| *Defendant*. | |

## ORDER

The Parties submitted a Joint Status Report ("JSR") providing details for the upcoming site visit and trial scheduled to occur on April 6–17, 2026. (ECF No. 61). Having reviewed the JSR, the Court provides the following guidance:

<u>Location of Trial</u>

The Court has contacted the Director of Judicial Services in the Southern District of New York ("SDNY") regarding the availability of a courtroom during the weeks of April 6–17, 2026. The SDNY does not have a courtroom available in Poughkeepsie, New York; however, courtroom space is available for trial in Manhattan at the Thurgood Marshall Courthouse, located at 40 Foley Square, New York, New York 10007. If the Parties wish to proceed with trial in New York, they must complete and submit an Electronic Device Order in accordance with SDNY policy governing electronic devices. The Electronic Device Order will be attached to this Order.[1]

<u>Site Visit</u>

The timing of the site visit is largely dependent on the location of trial. If trial is held in New York, the first day of trial (April 6, 2026) will be reserved for site visits. If trial is held in Washington, D.C., the Court intends to conduct site visits on April 3, 2026, consistent with the Parties' expressed preference.

---

[1] If the Parties prefer to hold trial in Washington, D.C. due to the unavailability of a courtroom in Poughkeepsie, they should so indicate in their next Joint Status Report.

On whatever date is established for site visits, the Parties are also advised that the Court intends to extend invitations to, and conduct site visits for, other indirectly related cases along the Beacon Line corridor. While acknowledging the Parties' expressed logistical concerns regarding this approach, the Court declines to bear all the logistical complications that arise when dealing with multiple cases involving the same rail line. Accordingly, the Parties **SHALL** provide the Court with a meeting location that can be shared with counsel in the Court's other matters.

Additionally, the Court notes that the Parties in this case have indicated that approximately six (6) hours are needed to conduct a site visit of all relevant properties. Because the Court must conduct site visits for multiple cases, the Court intends to begin viewing locations no later than 8:00 a.m. and continue until all sites have been viewed.[2] If the Parties in this matter wish for their properties to be viewed first, they should indicate this preference in the next JSR. Otherwise, the Court will set the order of sites to be viewed amongst all cases on its own accord.

Final Itinerary:

Finally, the Parties propose to submit a final site visit itinerary "to include the sequence of locations to be visited, estimated time allocations, and any relevant access notes or logistical considerations" by March 13, 2026. The Court finds this proposed timeline insufficient, as additional time is required to coordinate internally with other cases and with the United States Marshal Service.

Accordingly, the Court **ORDERS** the Parties to file a JSR by **February 6, 2026**, indicating their preference for the location of trial. If the Parties preference is for trial to occur in New York, counsel for each party should also attach a completed Electronic Device Order form. The Parties should also include a statement indicating their preference, or lack of, regarding the timeline for viewing the sites required for their case. Finally, with respect to the final itinerary, the Parties **SHALL** file an additional JSR by **February 27, 2026**, including as much detail as possible to assist the Court in finalizing its schedule.

**IT IS SO ORDERED.**

s/   David A. Tapp  
DAVID A. TAPP, Judge

---

[2] The Court notes that this start time is dependent on the number of sites to be visited amongst all its cases on the Beacon Line and reserves the right to modify the timeline as necessary.