**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

MICHAEL ZANZARELLA, *et al.*,

  *Plaintiffs*,

   v.

UNITED STATES OF AMERICA,

  *Defendant*.

Case No. 24-239L

Judge David A. Tapp

**JOINT STATUS REPORT**

Pursuant to the Court's March 26, 2026 Order, the parties provide this Joint Status Report ("JSR") advising the Court how they propose to proceed with respect to Uniform Relocation Assistance and Real Property Acquisition Policies Act ("URA") fees and expenses. *See* Dkt. No. 101.

The Plaintiffs in this matter are now effectively divided into two procedural groups: (1) those for whom the Court entered 54(b) judgments in March 2026 ("Judgment Plaintiffs") (Dkt Nos. 80, 83, 90, 91, 94), and (2) those who proceeded to trial on April 7-8, 2026 and await judgment ("Trial Plaintiffs").[1] Final judgment was entered on behalf of the Judgment Plaintiffs on March 4, 5, 9, and 10, 2026. *See* Dkt. Nos. 80, 83, 90, 91, 94, 101.

Ordinarily, entry of those judgments would have triggered a thirty-day deadline for the Judgment Plaintiffs to seek reimbursement of attorneys' fees and expenses under the URA, 42 U.S.C. § 4654. Because the Trial Plaintiffs had not yet received judgment, however, the parties jointly moved

---

[1] There is also a group of Plaintiffs who were severed into *Durk v. United States*, No. 24-2391 by this Court on March 16, 2026. *See* Dkt. No. 98.

1

to extend that deadline until after the completion of trial. *See* Dkt. No. 101. The parties also requested that they be ordered to file a JSR on April 24, 2026, advising the Court on how they wish to proceed with URA fees and expenses. *Id.* This motion was granted on March 26, 2026. *See* Dkt. No. 104.

Since then, trial was held on April 7-8, 2026, in Manhattan, New York, and the parties' post-trial briefs are scheduled to be filed on May 4, 2026 (considering the transcript became available 10 days prior (with the 10th day falling on a weekend)). The parties now have competing positions on the appropriate next steps regarding URA fees and expenses, as set forth below.

*Plaintiffs' Position Statement*

Plaintiffs intend to file one motion for URA fees and expenses soon for both the Judgment Plaintiffs and the Trial Plaintiffs,[2] and request that the Court issue an Order setting a briefing schedule for Plaintiffs to file their motion on May 15, 2026, and for responses and replies to follow according to the CFC Rules. Plaintiffs will request in their motion that the Court issue two separate 54(b) Judgments – one for the Judgment Plaintiffs and one for the Trial Plaintiffs. Issuing one URA-related briefing schedule for both groups ensures that the Judgment Plaintiffs avoid undue delay in reimbursement and likewise reduces the risk of piecemeal URA-related filings when the Court issues a judgment for the Trial Plaintiffs. By May 15, 2026—the proposed date for Plaintiffs to file their URA motion—Plaintiffs' counsel will have already completed all their work on this matter (barring any possible appeal), as post-trial briefs will have already been filed. Therefore, it makes procedural sense to provide the Court with all fees and expenses at that time, even for those who went to trial (assuming they prevail; if they do not, then there is no harm done as the Court would in any event need to examine almost exactly the same subject matter regarding the URA motion for the Judgment

---

[2] In their Motion, Plaintiffs will identify the time and expenses attributable to the *Durk* Plaintiffs. However, the *Durk* Plaintiffs will not move for URA fees and expenses until judgment is issued in that case.

Plaintiffs as with the Trial Plaintiffs).

The Judgment Plaintiffs' claims are final and non-appealable except for the URA fees and expenses, so they should certainly have their URA claims heard now. The Trial Plaintiffs' claims, following this Court's impending decision, could end up on appeal, but that is not a good reason to delay consideration regarding their URA claims, as this Court decided in *Bradley v. United States*, where the merits of some claims remained subject to decision on appeal:

> I understand, certainly, that pending appeal, any decision regarding the URA fees would not be payable at this time until such point as the appeal is finalized. But so long as we've accommodated … government counsel's scheduling issues, why shouldn't we go ahead and finish briefing the URA fees now, make a determination, and then simply withhold payment or enforcement of that portion of the judgment pending appeal?

179 Fed. Cl. 660, 673 (2025) (quoting 7/29/2025 Status Conf. Tr. at 4:1-10, ECF No. 195) (Tapp, D.).  The same pragmatic considerations that guided the Court's approach in *Bradley* apply here. Accordingly, Plaintiffs respectfully request that the Court adopt their URA-briefing schedule identified above.

The Defendant's request to build settlement negotiations into the URA briefing schedule is curious to Plaintiffs for three reasons. First, Plaintiffs' right to request reimbursement of URA fees and expenses is not predicated on settlement negotiations. Second, settlement negotiations are not hindered by the filing of Plaintiffs' Motion—the Defendant can engage in negotiations once it receives Plaintiffs' motion. Third, the modification of the United States' counterproposal by "if any" suggests that this argument about settlement negotiations is little more than a distraction.

Additionally, Plaintiffs' proposed briefing schedule does not contravene the RCFC. In the case of the Judgment Plaintiffs, that seems obvious, as this JSR itself was ordered by the Court regarding when the URA motion should be filed, not if it may be filed. Regarding the Trial Plaintiffs, the Defendant is also incorrect. Plaintiffs do not ask this Court to rule on URA fees and expenses

before judgment is entered regarding the Trial Plaintiffs; they ask this Court to consider the issue contemporaneously with its entry of judgment. Nothing in the URA statute speaks to the timing of the filing of a URA motion other than "[t]he court rendering *a judgment* for the plaintiff in a proceeding … shall determine and award or allow such plaintiff, as part of such judgment or settlement, such sum…"). 42 U.S.C. § 4654(c) (emphasis added). The Defendant is incorrect that a "final judgment" is required for anything regarding a URA motion. A "final judgment" is relevant to a URA motion only in the limited context of RCFC 54(d)(2), which merely provides a 30-day deadline for Plaintiffs to file a motion for fees and expenses – that is the "drop-dead" date for a filing of a motion for fees and expenses, not a limitation on how early the motion can be filed.

*Defendant's Position Statement*

The United States' proposal for resolution of URA fees and expenses is set forth below:

| Event | Date |
|---|---|
| Plaintiffs produce URA demand to the United States | 7 days following entry of the Court's post-trial judgment |
| United States to serve counterproposal, if any | 20 days following entry of the Court's post-trial judgment |
| Either:<br>1) The parties file a JSR informing the Court that they have resolved the issue of Plaintiffs' URA demand and briefing is not necessary; or<br>2) Plaintiffs to file URA motion pursuant to RCFC 54(d)(2) | 45 days following entry of the Court's post-trial judgment |
| Subsequent briefing deadlines pursuant to RCFC 54(d)(2)(D) | |

This schedule is appropriate and efficient. First, it is a waste of judicial resources to begin URA motions practice before allowing the parties to resolve the issue informally. The United States expects that, if given the opportunity, the parties can narrow and reduce the issues to be briefed. It is unnecessary to escalate the URA demand to motions practice before providing the United States an

opportunity to review the URA demand.

Second, it allows the parties and the Court to deal with the URA fees and costs at once, following the Court's post-trial judgment. This holistic and efficient approach is consistent with RCFC 54(d)(2), requiring that a motion for attorney's fee be "filed within 30 days after the date of the *final judgment*" (emphasis added). There can be no actual undue delay when Plaintiffs' URA motion is filed 30 days after entry of a judgment post-trial. Plaintiffs' proposal requesting that this Court enter two Rule 54 judgments on one motion is evidence that their approach contravenes the RCFC—the confusion embedded within the proposal and Plaintiffs' defense of it speaks for itself.

Third, Plaintiffs' proposal is premature and wasteful. Attorney's fees are collateral to the merits of a case, and premature filing can cause additional and unnecessary litigation, complicate appeals, and further waste judicial resources. The final judgment establishes the prevailing party—a necessary condition for an award of attorney's fees and costs under the URA. Thus, litigating attorney's fees and costs before fully establishing the prevailing parties is premature and wasteful, and contrary to the RCFC and the URA itself. *See* 42 U.S.C.S. § 4654.

Dated: April 24, 2026.

Respectfully submitted,

STEWART, WALD & SMITH, LLC

*/s/ Steven M. Wald (by EAD w/ perm.)*
Steven M. Wald
Michael J. Smith
Allison P. Bettlach
3636 S. Geyer Rd., Suite 200
St. Louis, MO 63127
Telephone: (314) 720-0220
Facsimile: (314) 899-2925
wald@swslegal.com
smith@swslegal.com
bettlach@swslegal.com

-and-

Thomas S. Stewart
Reed W. Ripley
3515 W. 75th Street, Suite 201
Prairie Village, KS 66208
Telephone: (816) 303-1500
Facsimile: (816) 527-8068
stewart@swslegal.com
ripley@swslegal.com

*Counsel for Plaintiffs*

ADAM R.F. GUSTAFSON

Principal Deputy Assistant Attorney General
Environment & Natural Resources Division

*/s/ Emily A. Davis*
Emily A. Davis
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 297-2862
emily.davis@usdoj.gov

*Counsel for Defendant United States*